HEATH H. SNOW #8563
STEPHEN R. SCHWENDIMAN #11465
**BINGHAM SNOW & CALDWELL, LLP**
Counsel for FDIC as Receiver for SunFirst Bank
253 W. St. George Boulevard, Ste. 100
St. George, UT 84770
(435) 656-1900
(435) 656-1963 (fax)
heath@binghamsnow.com
steve@binghamsnow.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for SunFirst Bank,<br><br>Plaintiff,<br><br>v.<br><br>STEVE M. HEATON, an individual,<br><br>Defendant. | **ATTORNEY'S PLANNING MEETING REPORT**<br><br><br>Case No. 2:13-cv-00219-EJF<br><br>Magistrate Judge Evelyn J. Furse |

**I.     PRELIMINARY MATTERS**:

a.    The nature of the claims and affirmative defenses is:

i.    **Description of Action:**

Plaintiff, the FDIC, appearing in this matter in its receivership capacity as Receiver for SunFirst Bank ("SunFirst") asserts that Defendant has failed to repay, or otherwise perform, under a certain Business Loan Agreement and Promissory Note executed by Defendant and Defendant asserts that it is not obligated to repay SunFirst or the FDIC in its capacity as Receiver for SunFirst, for the reasons set forth, and asserted as affirmative defenses, in its Answer.

1

b.    This case is   \_\_\_\_\_ not referred to a magistrate judge

        \_\_\_\_\_ referred to magistrate judge:

           \_\_\_\_\_ under 636(b)(1)(A)

           \_\_\_\_\_ under 636(b)(1)(B)

        __X__ assigned to a magistrate judge under General Order 07-001

        and

           \_\_\_\_\_ all parties consent to the assignment for all proceedings or

           __X__ one or more parties request reassignment to a district judge

c.    Pursuant to Fed. R.Civ.P. 26(f), a meeting was held telephonically on *May 8, 2013*.

The following were in attendance:

    Heath H. Snow, Bingham Snow & Caldwell, LLP counsel for Plaintiff Federal Deposit Insurance Corporation as Receiver for SunFirst Bank;

    Erik A. Olson, Olson Law, P.C.; counsel for Defendant Steve M. Heaton.

d.    The parties \_\_\_\_\_ request / __X__ do not request an initial pretrial scheduling conference with the court prior to entry of the scheduling order.

e.    The parties \_\_\_\_\_ have exchanged or __X__ will exchange by 06/12/13 the initial disclosures required by Rule 26(a)(1).

f.    Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed.R.Civ.P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission.  Such electronic service will constitute service

and notice of entry as required by those rules.  Any right to service by USPS mail is waived.

II. **DISCOVERY PLAN**:  The parties jointly propose to the court the following discovery plan:

    a. Discovery is necessary on the following subjects:

        1. Plaintiff: All claims and causes of action set forth in the Complaint.

        2. Defendant: All claims and causes of action set forth in the Complaint and Defendant's affirmative defenses.

    b. Discovery Phases: Discovery will <u>not</u> be conducted in phases.

    c. Discovery methods to be used and the limitations to be imposed: In accordance with the Federal Rules of Civil Procedure.

III. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

    a. The cutoff dates for filing a motion to amend pleadings are:

        Plaintiff(s): 08/12/13    Defendant(s): 09/09/13

    b. The cutoff dates for filing a motion to join additional parties are:

        Plaintiff(s): 08/12/13    Defendants(s): 09/09/13

IV. **EXPERT REPORTS**:

    Reports from experts under Rule 26(a)(2) will be submitted on:

    Plaintiff(s): 03/03/14

    Defendant(s): 05/05/14

V. **OTHER DEADLINES**:

    a. Discovery cutoff:   Fact: 02/03/14    Expert:  07/07/14

    b. Deadline for filing dispositive or potentially dispositive motions and Daubert motions is: 08/04/14

VI. **ADR/SETTLEMENT**:

    a.    The potential for resolution before trial is: ___ good   _X_ fair   ___ poor

    b.    This case should be referred to the court's alternative dispute resolution program for arbitration:  No    mediation:  No

    c.    The case should be re-evaluated for settlement/ADR resolution on: 08/04/14

VII. **TRIAL AND PREPARATION FOR TRIAL:**

    a.    The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    b.    This case should be ready for trial by: *10/01/14*

    c.    *Specify type of trial*:   Jury         Bench   X

    d.    The estimated length of the trial is: 2-3 days.

/s/ Heath H. Snow                         Date: 05/09/2013
Heath H. Snow, Counsel for FDIC

/s/ Erik A. Olson*                         Date: 05/09/2013
Erik A. Olson, Counsel for Steve M. Heaton

***signed electronically by filing attorney with permission***