IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for SunFirst Bank,<br><br>Plaintiff,<br><br>v.<br><br>STEVE M. HEATON, an individual,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES<br><br><br>Case No. 2:13-CV-219 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees. For the reasons discussed below, the Court will grant Plaintiff's Motion.

Plaintiff brought this action on March 26, 2013, asserting claims for breach of contract and, alternatively, unjust enrichment. The Court entered summary judgment in favor of Plaintiff on June 19, 2014. Plaintiff now seeks its attorneys' fees.

It is undisputed that the Promissory Note and the Business Loan Agreement, the contracts that are the focus of this action, contain provisions allowing Plaintiff to recover its attorneys' fees. The Tenth Circuit has stated:

> Where attorney's fees are provided by contract, a trial court does not possess the same degree of equitable discretion to deny such fees as it has when applying a statute providing for a discretionary award. Of course, it may nevertheless, reduce the contractual attorney's fees claimed if it finds such an award would be inequitable and unreasonable.[1]

---

[1] *U.S. for Use of C.J.C., Inc. v. W. States Mech. Contractors, Inc.*, 834 F.2d 1533, 1549 (10th Cir. 1987) (citation omitted).

1

"In other words, the trial court's role is to determine if the claimed fees are inequitable or unreasonable. If so, the trial court has discretion to deny or reduce the fee award. However, the trial court is not responsible for independently calculating a 'reasonable' fee."[2]

In response to Plaintiff's Motion, Defendant does not argue that Plaintiff's requested fee award is inequitable or unreasonable. Rather, Defendant argues that Plaintiff's Motion "lacks reasonable detail in describing the time spent and work performed."[3] Defendant argues that "[n]umerous time entries are redacted, which makes it impossible for the Court or [Defendant] to know what work was performed or its degree of relevance."[4]

The Court has carefully reviewed the time entries submitted by Plaintiff in support of its Motion for Attorneys' Fees. While there are a number of entries that are redacted, some of them heavily, these entries provide sufficient information for the Court to analyze them. Having reviewed the entries, the Court finds nothing to suggest that Plaintiff's request for attorneys' fees is inequitable or unreasonable. With no further objections from Defendant, the Court will grant Plaintiff's Motion. In addition, the Court will grant Plaintiff its attorneys' fees associated with opposing Defendant's Motion to Reconsider, which the Court has denied by separate order.

It is therefore

ORDERED that Plaintiff's Motion for Attorneys' Fees (Docket No. 45) is GRANTED. Plaintiff is directed to submit an amended form of judgment for the Court's signature, including an updated calculation of interest and attorneys' fees as permitted by this Order.

---

[2] *Id.*
[3] Docket No. 49, at 2.
[4] *Id.*

DATED this 8th day of September, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge