IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for SunFirst Bank,,<br><br>               Plaintiff,<br><br>v.<br><br>STEVE M. HEATON,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION (1) TO RECONSIDER THE JUNE 19, 2014 MEMORANDUM DECISION AND (2) FOR LIMITED ADDITIONAL DISCOVERY<br><br>Case No. 2:13-CV-219 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion (1) to Reconsider the June 19, 2014 Memorandum Decision and (2) for Limited Additional Discovery. For the reasons discussed below, the Court will deny Defendant's Motion.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[1] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[2]

Defendant seeks reconsideration of two points. First, Defendant seeks reconsideration of the Court's ruling pertaining to Utah Code Ann. §70A-3-311(4). Second, Defendant argues that

---

[1] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[2] *Id.* (internal citation omitted).

the Court should reconsider whether Midland Loan Services directed him to send payments to David LaFon ("LaFon").

Turning to Defendant's first argument, the Court finds that reconsideration is not appropriate because the arguments raised by Defendant could have been raised in prior briefing. Defendant argues that there was no analysis or evidence presented concerning Utah Code Ann. §70A-3-311(4) in the parties' summary judgment briefing and that Plaintiff did not move for judgment on Subsection 4 until its reply brief.

The Court cannot agree with Defendant's position that Subsection 4 was not before the Court until Plaintiff filed its reply brief. An examination of the summary judgment briefing reveals that it was Defendant who put the issue before the Court in his Motion for Summary Judgment. Defendant set out Subsection 4 as one of the legal elements required to prevail on his accord and satisfaction defense.[3] In its opposition to Defendant's Motion, Plaintiff argued, in part, that Utah Code Ann. § 70A-3-311(4) did not apply and that there was "no factual evidence that FDIC-R or FDIC-R's agent with 'direct responsibility with respect to the disputed obligation, knew that the instrument was tendered in full satisfaction of the claim' at a reasonable time before the check was deposited."[4] Defendant did not respond to this argument in his reply brief and cannot now be heard to complain that the Court ruled on an issue that was directly before it. All of the arguments Defendant now makes could have been raised previously. Therefore, they do not present an adequate basis for reconsideration.

---

[3] Docket No. 34, at 4–6.
[4] Docket No. 38, at 35.

Defendant next argues that the "Court should reconsider and vacate that narrow portion of the Memorandum Decision regarding whether Heaton should have addressed to LaFon his settlement proposal and check."[5] As an initial matter, the Court notes that it never held that Defendant should have addressed his settlement proposal and check to LaFon. Rather, the Court held that, based on the undisputed testimony from both Defendant and LaFon, that LaFon was the individual who had "direct responsibility with respect to the disputed obligation" under Utah Code Ann. § 70A-3-311(4). Because Defendant did not send his payment to LaFon and there was no other evidence that Plaintiff or LaFon "knew that the instrument was tendered in full satisfaction of the claim" the Court held that Plaintiff was entitled to summary judgment on Defendant's accord and satisfaction defense. Defendant has presented nothing to challenge this conclusion.

Defendant takes issue with the Court's reliance on payment coupons directing payment to either a Chicago lockbox or LaFon. Defendant argues that there is no evidence that these coupons were actually sent to him or used by him. Even excluding the payments from the Court's consideration, the Court's conclusion remains the same. Defendant's accord and satisfaction defense fails as a matter of law.

It is therefore

ORDERED that Defendant's Motion (1) to Reconsider the June 19, 2014 Memorandum Decision and (2) for Limited Additional Discovery (Docket No. 48) is DENIED.

---

[5] Docket No. 48, at 7.

DATED this 8th day of September, 2014.

BY THE COURT:

Ted Stewart
United States District Judge